Edward D. PARE, Jr., Receiver of Marquette Credit Union

v.

Pauline T. DUBUC et al.

No. 95–539–Appeal.

Supreme Court of Rhode Island.

April 22, 1997.

appeal from a Superior Court order granting the motion of the plaintiff, Edward D. Pare, Jr., receiver of Marquette Credit Union (Pare), to dissolve a lis pendens filed by the defendants.

After hearing the arguments of counsel and reviewing their memoranda, we perceive no cause, and therefore, we summarily decide this case without further briefing or argument.

On September 15, 1995, Pare conducted a foreclosure sale on real estate owned by defendants after they had defaulted on a debt owed to Marquette Credit Union. The property was purchased by Bennie Sisto (Sisto) for a sum considerably less than the original purchase price and a recent appraisal. On September 20, 1995, defendants filed a motion seeking a temporary restraining order from the Superior Court enjoining the title closing for the property and the execution and transfer of the foreclosure deed to Sisto. The defendants, in their application for the temporary restraining order, claimed that the sale was commercially unreasonable and was conducted in a way that prevented them from protecting their interest in the property. At the same time defendants recorded a notice of lis pendens that indicated that a motion for a temporary restraining order and an application for a preliminary and permanent injunction to prevent the transfer of the foreclosed property had been filed. Hearings on defendants' application for the restraining order were held on September 20 and 22, 1995. Prior to the hearing on September 22, however, Pare filed a motion to dissolve the lis pendens.

On September 22, following hearing and arguments by both parties, the motion justice denied defendants' request for a temporary restraining order. He then immediately took up and granted Pare's motion to dissolve the lis pendens over defendants' objection that they were denied ten days' notice of the motion, as set forth in Rule 6(c) of the Superior Court Rules of Civil Procedure, since Pare had filed the motion earlier that morning. The motion justice refused to permit the defendants to be heard in opposition to the motion and instead simply noted their objection and concluded that there was "no

James Purcell, Providence, Paul S. Samson, Boston, MA, for Plaintiff.

Stephen A. Rodio and Richard L. Gemma, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This matter came before a panel of the Supreme Court for oral argument on January 14, 1997, pursuant to an order directing both parties to show cause why the issues raised in the appeal should not be summarily decided. The defendants, Pauline T. Dubuc and Gerard J. Dubuc, individually and as trustees of the Gerard J. and Pauline T. Dubuc Trust, P.T.D. Realty, Inc., and Property Buyers, Inc. (collectively defendants),

impediment to [Sisto's] title, by virtue of the pending case."

■ We are of the opinion that the motion justice erred in dissolving, as he did, the lis pendens. Rule 6(c) in relevant part, states:

"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 10 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court."

■ Pursuant to this rule, defendants were entitled to ten days' notice of Pare's motion to dissolve the lis pendens unless one of the exceptions stated above was called into play in order to alter the ten-day time period. Since there is no other rule fixing a different time period, and since the motion justice failed to prescribe *any* time limitation within which the defendants could be heard in order to oppose Pare's motion, the ten-day period is controlling. Moreover, had the court set a different time period, we believe that the language of Rule 6(c) reflects the rule's intent to establish ten days as the minimum amount of time required under the rule. Therefore, absent a different period of time fixed by the rules or by the court, a *motion justice may not arbitrarily compel a litigant to oppose a motion, such as is concerned here, earlier than ten days after receiving the motion and notice of the hearing. A fortiori,* prohibiting defendants in the present case from having any opportunity to be heard in opposition to Pare's motion was fundamentally unjust and in violation of Rule 6(c).

■ The record reflects that sufficient material factual issues existed relating to the validity of the title to the property, as well as to the foreclosure sale itself, to warrant a hearing on the lis pendens matter. Consequently, the motion justice erred in dissolving the lis pendens.

For the foregoing reasons, the appeal is sustained, and the order appealed from is vacated. The papers of this case may be remanded to the Superior Court.

WEISBERGER, C.J., did not participate.