**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRY DEPRINS, individually and as personal representative of the Estates of Armand DePrins and Simonne DePrins, deceased, | No. 12-15359 |
| | D.C. No. 3:10-cv-08133-DKD |
| Plaintiff - Appellant, | MEMORANDUM* |
| v. | |
| CHRISTINA N. CLARK, wife; AARON J. CLARK, husband; MICHAEL E. ST GEORGE, named in First Amended Complaint; MICHAEL J. MICHAELES, personal representative of the Estate of Donald Belanger, deceased, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David K. Duncan, Magistrate Judge, Presiding

Argued and Submitted February 14, 2014
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

## I.

Plaintiff/Appellant Harry DePrins ("DePrins") appeals the denial of his motion to correct a district court clerk's entry of judgment and dismissal as to all defendants, following the magistrate judge's grant of summary judgment as to two defendants, Christina and Aaron Clark (the "Clarks").

We vacate the clerk's entry of final judgment as to all parties, vacate the denial of the motion to correct, and remand.[1]

## II.

The underlying suit in this case is a wrongful death and negligence action arising from the fatal shooting of DePrins' parents in a WalMart parking lot by Christina Clarks' father, Donald Belanger ("Belanger"). The suit alleges wrongful death claims against the Estate ("the Estate") of Belanger and the Estate's representative, currently Michael J. Michaeles ("Michaeles"), and negligence claims against the Clarks.

---

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

On July 28, 2011 the magistrate judge to whom the case was assigned heard oral arguments on the Clarks' summary judgment motion. The hearing focused on whether the adult child of a parent has a duty to protect third parties from the actions of that parent under Arizona law. There was no mention of other defendants or service of process. After arguments had concluded, a minute entry was made on the docket memorializing the hearing and the magistrate judge's in-court grant of the Clarks' motion for summary judgment. The entry referred only to the case against the Clarks, but concluded with the words "[c]ase is dismissed."

On July 29, 2011 the district court clerk entered judgment as follows:

> CLERK'S JUDGEMENT - IT IS ORDERED AND ADJUDGED by way of this Court having granted Defendants' Motion for Summary Judgment this action be dismissed. Plaintiff shall take nothing. Signed on 07/29/2011. (kmg) (Entered: 07/29/2011).

On August 29, 2011, DePrins filed a motion to correct a clerical error, pursuant to Fed. R. Civ. P. 60(a), asserting that the district court had overlooked the existence of the Estate and Michaeles as defendants. Shortly thereafter, DePrins filed a copy of the waiver of service by Michaeles that had been sent to DePrins in July 2011, after the first amended complaint ("FAC") had been filed. In September, 2011, Michaeles filed an answer to the complaint. On January 24, 2012 the magistrate judge denied DePrins' motion as an untimely Rule 59 motion

3

to alter or amend judgment.  On February 21, 2012 DePrins filed notice of this appeal.

## III.

Whether a motion should be considered a Rule 59(e) motion or a Rule 60(a) motion is reviewed de novo.  *McCalla v. Royal MacCabees Life Ins. Co.,* 369 F.3d 1128 (9th Cir. 2004).  The grant or denial of a Rule 60(a) or 59(e) motion is reviewed for abuse of discretion.  *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) ; *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010).  Likewise, a district court's decision to dismiss for failure to serve is reviewed for abuse of discretion.  *See Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990).  "A district court abuses its discretion when it makes an error of law."  *Garamendi*, 683 F.3d at 1077 (internal citations omitted).

## IV.

**A.**      There is no indication in the record that the district court dismissed the action against the Estate and Michaeles for failure to serve, as the Clarks maintain. Dismissal of the Estate and Michaeles for failure to serve would have been an abuse of discretion because: (a) there was no challenge by the Estate that it was not properly served; (b) a signed waiver of service was provided to the court; *see* Fed. R. Civ. P. 4(m) (service must be made within 120 days of filing); (c) a party

4

waives service of process when it files an answer to the complaint, as Michaeles did here, on behalf of the estate;[2] and (d) a court may not sua sponte dismiss claims against certain parties without reaching the merits unless it first notifies the plaintiff and offers a chance to object. *See* Fed. R. Civ. P. 4; *see also Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("[A] district court abuses its discretion when ... it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service.") (internal citations omitted)).

**B.** The district court's denial of DePrins' motion as untimely was erroneous because: (i) the motion was properly styled as a Rule 60(a) motion; (ii) even if the motion was an untimely Rule 59(e) motion, it should have been considered under Rule 60(b); and (iii) default judgments are not favored.

DePrins' motion was properly styled as a Rule 60(a) motion to correct, because additional defendants remained at the time the clerk entered judgment. *See Garamendi*, 683 F.3d at 1077 (explaining the difference between a Rule 59(e) and a Rule 60(a) motion). Federal Rule of Civil Procedure 60(a) may be invoked

---

[2] *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.").

to change clerical mistakes, omissions or oversights in a judgment, order or the record. Fed. R. Civ. P. 60(a).

In contrast, Federal Rule of Civil Procedure 59(e) is used to alter or amend judgment and must be filed within 28 days of entry of the judgment.[3] Fed. R. Civ. P. 59. While the grant of a Rule 59(e) motion to "alter or amend" would signify a substantive change of mind by the court, Rule 60(a) is usually limited to "clarification of matters intended to be implied or subsumed by the original judgment," or "to resolve an ambiguity in its original order to more clearly reflect contemporaneous intent and ensure that the court's purpose is fully implemented." *Garamendi*, 683 F.3d at 1077 (internal citations omitted) (citing 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.11[1][c] (2011)).

Even though DePrins' motion may have been untimely as a Rule 59(e) motion, the district court should have considered the motion under Rule 60(b), and reached its merits. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-899 (9th Cir. 2001) (a Rule 59(e) motion filed well past the deadline should have been considered as a Rule 60(b) motion).

---

[3] The line item entry reveals that the magistrate judge applied a filing deadline of 10 days presumably based on an outdated prior version of the Federal Rules of Civil Procedure, when the correct deadline was twenty-eight days. Fed. R. Civ. P. 59(e).

Rule 60(b) provides that the court may relieve a party from final judgment for mistake, inadvertence, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). We have explained that, "[a] Rule 60(b) motion may be granted where, *inter alia*, the party seeking relief demonstrates that the court made a 'mistake,' . . . [and] a district court's erroneous reading of the law is a 'mistake' sufficient to require reconsideration of an order." *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) (internal citations omitted). In addition, we disfavor default judgments. *See SEC v. Seaboard Corp., et al.*, 666 F.2d 414, 417 (9th Cir. 1991) ("Rule 60(b) is to be given liberal construction.") (internal citations omitted).

**C.** In any event, the dismissal of the case was improper because Michaeles and the Estate remained as defendants. *See* Fed. R.Civ. P. 58(b), 54(b).

The dismissal was not authorized under Rule 58(b) because a clerk may enter judgment without the court's direction only when: "(A) the jury returns a general verdict; (B) the court awards only costs or a sum certain; or (C) the court denies all relief." Fed. R. Civ. P. 58(b)(1). Otherwise, the court must approve the form of judgment. Fed. R. Civ. P. 58(b)(2). Here, no judge approved the form of judgment.

Further, the district court's grant of the Clarks' summary judgment motion is not a Rule 54(b) final appealable judgment because the district court judge did not

make "an 'express determination that there is no just reason for delay and . . . an express direction for the entry of judgment'" as to the Clarks. *Special Investments*, 360 F.3d at 993.

## V.

We vacate the July 29, 2011 dismissal of the action, vacate the denial of the motion to correct, and remand. Vacatur of an order creates a legal status the same as if the order never existed. *See Camreta v. Greene*, 131 S. Ct. 2020, 2025 (U.S. 2011) ("Vacatur rightly 'strips the decision below of its binding effect,' and clears 'the path for future relitigation.'"). Accordingly, should DePrins want appellate review of the merits of his claim against the Clarks, he must await the entry of a final judgment or seek certification under Rule 54(b).

The district court's dismissal order is VACATED and the case is REMANDED to the district court. Each party shall bear its own costs on appeal.

*DePrins v. Clark*, 12-15359

M. SMITH, Circuit Judge, dissenting:

I agree with the majority that DePrins filed a proper motion to correct a clerical error under Rule 60(a). I disagree, however, that we may resolve the motion on the merits, and I dissent from this portion of the majority's decision.

In granting summary judgment in favor of Clark, the district court dismissed the action in its entirety, including claims against two defendants who did not move for summary judgment. DePrins missed the 30-day deadline to appeal from the district court's judgment. *See* Fed. R. App. P. 4(a)(1). DePrins also missed the 28-day deadline to file a motion to alter or amend the judgment under Rule 59(e). Having missed these deadlines, DePrins filed a motion under Rule 60(a)—which has no time limit—requesting clarification that the district court's order did not intend to dismiss those defendants who did not move for summary judgment. The district court read the motion as an improperly styled Rule 59(e) motion and denied it as untimely. DePrins appeals only from the denial of this motion.

After concluding that the district court improperly denied DePrins' motion under Rule 59(e), the majority goes on to resolve the motion on the merits, and concludes that the court erred when it dismissed the claims against those defendants who did not move for summary judgment. But a motion under Rule

1

60(a) only allows for "clarification and explanation, consistent with the intent of the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012). This is true even where the court later realizes that it erred in its original judgment. *Id*. at 80 ("[the Rule] does not allow a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect" (internal quotation marks omitted)).

Accordingly, regardless of whether the court erred in its original judgment, we must remand for the district court to determine whether the clarification that DePrins now seeks is consistent with the judgment's intent. In my view, any other conclusion creates an end-run around the 30-day period in which a litigant may file an appeal, and allows parties to challenge the merits of a judgment, at any time, by simply seeking clarification under Rule 60(a). *Cf. Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("the taking of an appeal within the prescribed time is 'mandatory and jurisdictional'").

For the foregoing reasons, I respectfully dissent.