# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 123

APRIL TERM, A.D. 2020

September 23, 2020

TERRANCE W. BROWN,

Appellant
(Petitioner),

v.

S-20-0032

SIOBHAN E. JERDING,

Appellee
(Respondent).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
    Terrance W. Brown, pro se.

*Representing Appellee:*
    Siobhan E. Jerding, pro se.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*GRAY, J., delivers the opinion of the Court; DAVIS, C.J., files a dissenting opinion, in which FOX, J., joins.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Siobhan Jerding was married when she had a child (MFJ) with Terrance Brown. The birth certificate listed Ms. Jerding's husband as the child's father.  Mr. Brown later filed a petition to establish paternity, custody, visitation, and to change the child's surname to "Brown."  Ms. Jerding opposed any change to MFJ's surname.  The district court held a trial and made findings as to Mr. Brown's paternity and other matters but requested supplemental briefing on the issue of the name change.  After Ms. Jerding failed to submit her brief, the court entered an order granting Mr. Brown's motion to change the child's name to "Brown."  Ms. Jerding filed a W.R.C.P. 59 motion for a new trial or, in the alternative, to alter or amend the judgment.  The district court amended its order, requiring that MFJ's name not be changed.  Mr. Brown appeals, pro se, and we reverse.

## *ISSUE*

[¶2]    Mr. Brown presents four issues on appeal.  We rephrase and consider only one.

> Did the district court abuse its discretion when it granted appellee's W.R.C.P. 59(e) motion to alter or amend the judgment?

## *FACTS*

[¶3]    Ms. Jerding was married to someone else when she entered into a romantic relationship with Mr. Brown in 2016.[1]  Later that same year, Ms. Jerding gave birth to MFJ.

[¶4]    Ms. Jerding informed Mr. Brown that he was the father, and a paternity test confirmed he was the biological father.  Wyo. Stat. Ann. § 14-2-705.  He filed a petition to establish paternity, custody, and visitation and requested that MFJ's surname be changed to "Brown."  Ms. Jerding filed a response and counterclaim admitting Mr. Brown's paternity but opposing any change of the child's name.

[¶5]    At trial, Mr. Brown orally renewed his petition to change the child's name to Brown.  After the trial, the court entered a *Decree of Paternity* but reserved its decision on the name change.  It asked the parties to brief that issue—the only remaining issue. The *Decree of Paternity* provided "The issue of [Mr. Brown's] request to change the minor child's name will be determined by a separate order after briefing by the parties." Ms. Jerding did not brief the issue.

---

[1] Ms. Jerding and her husband did not share a surname.

1

[¶6]   On October 11, 2019, the district court entered its *Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)* (*Order Amending Birth Certificate*).[2]   The court found that at trial Mr. Brown had requested "his name ***and the surname of the child*** . . . be entered on the certificate of birth in accordance with this Court's Order establishing his paternity."   (Emphasis added.)   The court "reviewed the file and the applicable statute" and found that, "having advised [Ms. Jerding] to brief the issue and the brief not being submitted . . . [Mr. Brown's] [m]otion should be granted."   It concluded:

> IT IS ORDERED that Petitioner Terrance W. Brown's paternity having been established to MFJ . . . , the Court hereby directs that the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the Court pursuant to W.S. § 3[5]-[1]-411(c).

[¶7]   On November 8, 2019, Ms. Jerding filed a *Motion for New Trial or to Alter or Amend "Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)" in Accordance with W.R.C.P. 59(b) and (e)* (*Rule 59 Motion*).   She asserted that the *Order Amending Birth Certificate* was unclear as it pertained to MFJ's surname.   She argued that changing MFJ's surname required a finding of good cause, and the district court had made no such finding.[3]   Ms. Jerding noted that the child was three years old and had always gone by MFJ.   She requested a new trial if the *Order Amending Birth Certificate* was interpreted as directing the name change.   In the alternative, she asked the court to "alter or amend the [*Order Amending Birth Certificate*] to clarify that it only provides for the placing of [Mr. Brown's] name on the minor child's birth certificate and nothing more."

---

[2] Wyo. Stat. Ann. § 35-1-411 provides:
> **§ 35-1-411.  Name of father on birth certificate.**
> .   .   .
> (c) In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.

Wyo. Stat. Ann. § 35-1-411(c) (LexisNexis 2019).

[3] Wyo. Stat. Ann. § 14-2-822, which governs orders adjudicating parentage, addresses a name change.   In relevant part, it states:
> (e) On request of a party and for good cause shown, the court may order that the name of the child be changed.
> (f) If the order of the court is at variance with the child's birth certificate, the court shall order the state office of vital records to issue an amended birth certificate.

Wyo. Stat. Ann. § 14-2-822(e)–(f) (LexisNexis 2019).

[¶8]   On November 14, 2019, without hearing and before Mr. Brown submitted his response, the district court granted Ms. Jerding's Rule 59 Motion to alter or amend the judgment and entered an *Order Clarifying the "Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)" entered on October 11, 2019* (*2019 Clarifying Order*). It found the *Order Amending Birth Certificate* "should be clarified" and went on to state:

> IT IS THEREFORE ORDERED that the *"Order [Amending Birth Certificate]"* entered is meant to provide that the proper authority issuing the original birth certificate (eg. Wyoming Department of Health, Vital Statistics Services) shall issue a new birth certificate for the minor child, [MFJ], born [xx/xx/2016], reflecting that Petitioner, Terrance W. Brown, is the father of the minor child.
>
> AND IT IS FURTHER ORDERED that no other changes to the minor child's birth certificate are justified.

[¶9]   Mr. Brown timely appealed the *2019 Clarifying Order*.

## DISCUSSION

[¶10]  Mr. Brown argues that the *Order Amending Birth Certificate* should be "restored." He contends Ms. Jerding's Rule 59 Motion allowed her to relitigate issues already decided, and if she opposed the child's name change, she should have submitted a brief following trial.  While he presents many additional arguments,[4] our finding that the district court erred in granting Ms. Jerding's Rule 59 Motion is dispositive.  We decline to address the remainder of Mr. Brown's claims.

## STANDARD OF REVIEW

[¶11]  The decision to alter or amend a judgment following a Rule 59(e) motion is committed to the sound discretion of the district court. *Dudley v. Franklin*, 983 P.2d 1223, 1227 (Wyo. 1999) (citing *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994)); *see also Lake v. D & L Langley Trucking, Inc.*, 2010 WY 75, ¶ 9, 233 P.3d 589,

---

[4] Mr. Brown claims his due process rights were violated when the district court granted Ms. Jerding's Rule 59 Motion before he had an opportunity to respond.  Mr. Brown submits that the district court was prejudiced against him and that his "freedom of belief and thought, freedom of speech, freedom of the press, freedom of inquiry and study, freedom of religion, the right of privacy, and freedom of association" were infringed by evidence Ms. Jerding introduced at trial.  Mr. Brown also asserts that Ms. Jerding committed perjury by testifying that the child's surname had been "Jerding" since birth, when Vital Statistics records obtained after trial reflect the child was given the surname "Brown" at birth.

592 (Wyo. 2010). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Ianelli v. Camino*, 2019 WY 67, ¶ 20, 444 P.3d 61, 66 (Wyo. 2019) (citations omitted). "Determining whether the trial court abused its discretion involves the consideration of whether the court could reasonably conclude as it did[.]" *Three Way, Inc. v. Burton Enters., Inc.*, 2008 WY 18, ¶ 18, 177 P.3d 219, 225 (Wyo. 2008) (quoting *Armstrong v. Hrabal*, 2004 WY 39, ¶ 10, 87 P.3d 1226, 1230 (Wyo. 2004)). "The burden is upon the person losing the motion to establish an abuse of discretion." *Id.*

## *ANALYSIS*

[¶12] W.R.C.P. 59(e) permits a party to move to "alter or amend a judgment [within] 28 days after the entry of the [final order]." W.R.C.P. 59(e).

> The purpose of a rule authorizing a motion to alter or amend is to allow a trial judge the opportunity to correct prior errors after the entry of judgment. A judgment may be amended where the amendment takes nothing from and adds nothing to the original judgment.

49 C.J.S. *Judgments* § 361, at 448 (2009) (footnotes omitted). However, the rule does not "confer unbridled freedom nor authorize a second review of a judgment." *Id.*; *In re Estate of Nielsen*, 2011 WY 71, ¶ 12, 252 P.3d 958, 961 (Wyo. 2011) (finding a party may not seek "reconsideration" of the district court's prior judgment under the guise of W.R.C.P. 59(e)), *overruled on other grounds by Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 34, 427 P.3d 708, 718 (Wyo. 2018). In *Essex*, we overruled our cases requiring a substantive review of a motion to amend or alter a judgment in order to toll the time for filing an appeal. We did not change the basis for a W.R.C.P. 59(e) motion:

> [A] motion to alter or amend as a motion that rests on one of three appropriate grounds: 1) an intervening change in controlling law; 2) the availability of new evidence not available at the time the case was originally heard; or 3) the need to correct a clear error of law or prevent manifest injustice.

*Essex*, ¶ 30, 427 P.3d at 717 (internal citation and quotation marks omitted). None of these grounds are present here. A motion to alter or amend a judgment is not an appropriate method to set aside what has been determined, nor to correct a judicial error or make a new adjudication. *In re Marriage of Johnson*, 2011 MT 255, ¶ 16, 262 P.3d 1105, 1108.

4

[¶13] "[T]he general rule is that a court may not amend a judgment in a matter of substance or in a manner involving the exercise of judicial discretion on the merits." 49 C.J.S. *Judgments* § 363, at 451. To determine whether an amendment is "substantive," we look to whether the motion seeks a revision which "disturbs or revises legal rights and obligations that were settled by the previous judgment." 47 Am. Jur. 2d *Judgments* § 636, at 14 (2017) (footnote omitted); *Maxus Energy Corp. & Subsidiaries v. United States*, 31 F.3d 1135, 1139 (Fed. Cir. 1994) (discussing "substantive" modifications in the context of Fed. R. Civ. P. 59(e)).

[¶14] The district court's final judgment granted Mr. Brown's motion to change the child's name. It specifically noted that Ms. Jerding had not filed a brief opposing the child's name change. The district court's order directed that the name of the father and the child's surname should be entered on the birth certificate in accordance with the findings of the court pursuant to Wyo. Stat. Ann. § 35-1-411(c).

[¶15] In its *2019 Clarifying Order*, the district court revised the original order by ruling that MFJ's name not be changed.[5] "[A] judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment." *Tunstall v. Stierwald*, 2001-1765, p. 4 (La. 2/26/02); 809 So. 2d 916, 920.

---

[5] Mr. Brown argues that this order was entered before he had an opportunity to respond, in violation of his due process rights. W.R.C.P. 6(c) governs time as it relates to motions and motions practice.

> (1) *In General.* — Unless these rules or an order of the court establish time limitations other than those contained herein, all motions shall be served at least 14 days before the hearing on the motion, with the following exceptions:
>
> > (A) motions for enlargement of time;
> > (B) motions made during hearing or trial;
> > (C) motions which may be heard ex parte; and
> > (D) motions described in subdivisions (5) and (6) below, together with supporting affidavits, if any.
>
> (2) *Responses.* — Except as otherwise provided in Rule 59(c), or unless the court by order permits service at some other time, ***a party affected by the motion may serve a response***, together with affidavits, if any, at least three days prior to the hearing on the motion or ***within 20 days after service of the motion***, whichever is earlier.

W.R.C.P. 6(c)(1)–(2) (emphasis added).

"Absent a different period of time fixed by rules or the court, a judge may not have discretion to shorten the time for response." *Niland v. DFS*, 2020 WY 121, ¶ 18, 472 P.3d 374, 379 n.4 (Wyo. 2020) (citing *Pare v. Dubuc*, 692 A.2d 1198, 1200 (R.I. 1997)). W.R.C.P. 59(e) does not provide a different time period for responses. Under W.R.C.P. 6(c)(2), Mr. Brown was allowed twenty days to file a response to Ms. Jerding's Rule 59 Motion. He responded to the Rule 59 Motion on November 18, 2019, which was within the twenty-day time period. The district court entered its order six days after Ms. Jerding filed her motion and four days before Mr. Brown submitted his response. We are troubled that the district court did not afford Mr. Brown the opportunity to respond but need not reach the issue here.

[¶16] While the court can amend a clerical or ministerial mistake, an amendment changing settled conclusions is not within the ambit of the rule. *See Johnson*, ¶ 24, 262 P.3d at 1109 (holding that grant of Rule 59 motion was error when court entered a "wholly contrary Order" that changed the court's legal conclusions); *see also* M. L. C., Annotation, *Correcting Clerical Errors in Judgments*, 126 A.L.R. 956, at 978–79, (1940) ("The power to correct clerical errors in judgments, orders, or decrees does not authorize the addition of terms never adjudged, or the entry of orders never made, although the court should have made such additions or entered such orders, and any error in that regard is a judicial error.").

[¶17] "[D]istrict courts may not vacate or change an order simply because the court has changed its mind." *Johnson*, ¶ 23, 262 P.3d at 1108. The district court abused its discretion when it granted Ms. Jerding's Rule 59 Motion and changed a matter of substance previously decided.[6] We reverse and remand for proceedings consistent with this opinion.

---

[6] Under W.R.C.P. 60(a), which permits a court to correct "clerical mistake[s]" on its own motion or the motion of a party, the result is the same. "Rule 60(a) is designed to correct and/or clarify, not modify, a judgment." *Tafoya v. Tafoya*, 2013 WY 121, ¶ 20, 309 P.3d 1236, 1241 (Wyo. 2013). When the clarification results in a "substantive alteration" of the order, it violates the purpose of the rule. *Id.* ¶ 21, 309 P.3d at 1241; *Spomer v. Spomer*, 580 P.2d 1146, 1148–49 (Wyo. 1978) ("We think it clear that [W.R.C.P. 60] was not designed . . . to affect substantive portions of a judgment or decree. It is not intended to correct judicial, as opposed to clerical, error." (internal citation omitted)).

**DAVIS, Chief Justice,** dissenting, in which **FOX, Justice,** joins.

[¶18]  I must respectfully dissent.  The majority concludes that "[t]he district court's final judgment granted Mr. Brown's motion to change the child's name."  Based on that conclusion, it presumes that the district court revised its judgment when it entered its November 14, 2019 "Order Clarifying the 'Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)' entered on October 11, 2019."  I view the record differently, and I conclude that the second order only clarified an ambiguity and conformed the original order to the court's intent.  Such a clarification is permitted under W.R.C.P. 60(a) and is within a district court's inherent powers.

[¶19]  As the majority notes, Ms. Jerding was married when she became romantically involved with Mr. Brown and conceived MFJ.  Ms. Jerding's divorce was not finalized until approximately twenty days after MFJ was born.  Section 35-1-411(a) of the Wyoming Statutes mandates that if a child is conceived while a mother is married, the husband's name is to be entered on the child's birth certificate unless paternity has been determined by a court of competent jurisdiction, or if the husband signs a denial of paternity and the mother and father sign an affidavit of paternity.  Wyo. Stat. Ann. § 35-1-411(a) (LexisNexis 2019).  Accordingly, based on the worksheet provided to Ms. Jerding upon the birth of MFJ, the name of Ms. Jerding's husband was entered on the birth certificate, and he was considered the presumed and legal father.

[¶20]  Shortly after MFJ was born, she was taken into protective custody and placed in the legal and physical custody of the Wyoming Department of Family Services for appropriate placement.  During this time, Mr. Brown was not authorized to have visits with MFJ because he was not her legal father, or the father listed on the birth certificate.  Accordingly, the Department of Family Services required the legal father to disestablish paternity and for this case to be filed to establish Mr. Brown's paternity of MFJ.

[¶21]  On January 11, 2017, Ms. Jerding's ex-husband filed the appropriate denial of paternity, and in the absence of information identifying MFJ's father, the legal surname of the minor child entered on the birth certificate was Ms. Jerding's last name.  Additionally, in January 2017, the district court in the juvenile matter corrected MFJ's last name to "Jerding."

[¶22]  On August 7, 2018, in accordance with his case plan, Mr. Brown filed a petition for paternity, custody and visitation of MFJ.  In his petition, Mr. Brown requested that MFJ's surname be changed to Brown, and that a new birth certificate be issued to reflect that Mr. Brown was her legal father.

[¶23]  On June 25, 2019, the district court held a hearing on the petition, and on October 11, 2019 it entered a decree of paternity.  The decree established that Mr. Brown was MFJ's father, and set custody, visitation, and child support.  The decree did not order

changes to MFJ's birth certificate, and concerning the name of the child, it provided that Mr. Brown's "request to change the minor child's name will be determined by a separate order after briefing by the parties."[7]

[¶24] Neither Mr. Brown nor Ms. Jerding filed a brief regarding the change of the minor child's surname. However, on the same day that the decree was entered, October 11, 2019, Mr. Brown filed a motion entitled "Summary Judgment" stating that by not submitting a brief, Ms. Jerding "acknowledge[d] and accept[ed] the factual basis for, and has no argument to the name change as governed by W.S. § 35-1-411(c)." Also on that same day, the district court entered an "Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)." It ordered:

> THIS MATTER coming before the Court on a motion made by the Petitioner at the hearing on Paternity, Custody and Visitation on June 25, 2019 pursuant to W.S. § 35-1-411(c) requiring his name and the surname of the child to be entered on the certificate of birth in accordance with this Court's Order establishing his paternity. The Court having advised the Respondent at the hearing to brief the issue and the brief not being submitted, and the Court having reviewed the file and the applicable statute, hereby finds that the Petitioner's Motion should be granted.
>
> NOW, THEREFORE, IT IS ORDERED that Petitioner Terrance W. Brown's paternity having been established to MFJ D.O.B. xx/xx/2016, the Court hereby directs that the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the Court pursuant to W.S. § 3[5]-[1]-411(c).

[¶25] On November 8, 2019, Ms. Jerding filed a motion for new trial or to alter or amend the "Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)," in accordance with W.R.C.P. 59(b) and (e). In her motion, Ms. Jerding stated:

> Although the ORDER GRANTING PETITIONER'S MOTION PURSUANT TO W.S. § 35-1-411(C), filed on October 11, 2019, does not specify the child's surname be changed to the surname of [Mr. Brown] and W.S. 35-1-411

---

[7] The record does not contain a transcript of the June 25, 2019 hearing, so we do not know the parameters of the district court's briefing request.

8

does not require the changing of the child's surname, this motion is filed in an abundance of caution.

Ms. Jerding further argued that any change to MFJ's name would fall under Wyo. Stat. Ann. § 14-2-822(e) and (f) and would require a finding of good cause. She concluded her motion:

> If it was the Court's intent to do more than have the Plaintiff's name be placed on the child's birth certificate as the father of the minor child, by the *ORDER GRANTING PETITIONER'S MOTION PURSUANT TO W.S. § 35-1-411(c)* filed on October 11, 2019, then the Court should grant the motion for a new trial on the change of the child's name; otherwise the Court should alter or amend the *ORDER GRANTING PETITIONER'S MOTION PURSUANT TO W.S. § 35-1-411(c)* filed on October 11, 2019, to clarify that it only provides for the placing of the Plaintiff's name on the minor child's birth certificate and nothing more.

[¶26] Before Mr. Brown had an opportunity to respond, the district court entered its "Order Clarifying the 'Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)' entered on October 11, 2019."[8] The court found that after having reviewed Ms. Jerding's motion and the file that the original order "should be clarified." Accordingly, it directed:

> IT IS THEREFORE ORDERED that the "*Order Granting Petitioner's Motion Pursuant to W.S. § 35-1-411(c)*" entered is meant to provide that the proper authority issuing the original birth certificate (eg. Wyoming Department of Health, Vital Statistics Services) shall issue a new birth certificate for the minor child, [MFJ], born [xx/xx/2016], reflecting that Petitioner, Terrance W. Brown, is the father of the minor child.
>
> AND IT IS FUTHER ORDERED that no other changes to the minor child's birth certificate are justified.

[¶27] The majority finds that this record supports a conclusion that the court changed its judgment, and that it was thus an amendment to the judgment not authorized under

---

[8] Mr. Brown did file a response to Ms. Jerding's motion for clarification on November 18, 2019, four days after the district court entered its order.

9

W.R.C.P. 59(e). I disagree. The substance of a motion determines what rule the motion is premised on and if it is authorized under the law. *Russell v. Sullivan*, 2012 WY 20, ¶ 16, 270 P.3d 677, 681 (Wyo. 2012) ("It is, however, the substance of a motion rather than its title that determines whether it is authorized under the law."); *In re Kite Ranch, LLC v. Powell Family of Yakima, LLC*, 2008 WY 39, ¶¶ 16-20, 181 P.3d 920, 925-26 (Wyo. 2008) (holding that trial court's Rule 59(e) change to injunctive order was clerical and thus authorized under Rule 60(a)); 56 Am. Jur. 2d *Motions, Rules, and Orders* § 21 (2ⁿᵈ ed. Aug. 2020) ("Although a moving party generally has the burden of correctly labeling its motion so as to inform its adversary of the nature of the motion and the relief sought, the nature of a motion is ordinarily determined by its contents, essence or substance, or the relief sought, not by its title, label, name, or caption."). In this case, the district court's ruling granted what was in substance a Rule 60(a) request to clarify, and I would therefore review the order under that rule.[9]

> When reviewing a district court's application of Rule 60(a), this Court employs a two-part process. The first question we must answer is whether the correction or clarification of a judgment relates to a clerical mistake. If so, we then review the district court's order to ascertain whether it clarified or modified the original judgment. Both questions are questions of law, which we review *de novo*.

*Loran v. Loran*, 2015 WY 24, ¶ 27, 343 P.3d 400, 406 (Wyo. 2015) (quoting *Tafoya v. Tafoya*, 2013 WY 121, ¶ 7, 309 P.3d 1236, 1238 (Wyo. 2013)); *see also DePrins v. Clark*, 566 F. App'x 608, 610 (9th Cir. 2014) ("Whether a motion should be considered a Rule 59(e) motion or a Rule 60(a) motion is reviewed de novo.").

[¶28]  Rule 59(e) permits a party to move to "alter or amend a judgment," and is used to alter or amend a judgment if there is an intervening change in controlling law, the availability of new evidence, or to correct an error of law or prevent manifest injustice. *Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 30, 427 P.3d 708, 717 (Wyo. 2018).  In contrast, Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice." W.R.C.P. 60(a). "Rule 60(a) is intended to correct clerical errors rather than mistakes made by the court (judicial errors)." *Meckem v. Carter*, 2014 WY 52, ¶ 12, 323 P.3d 637, 643 (Wyo. 2014). We have said:

---

[9] Ms. Jerding's motion referenced Rule 59 and argued in the alternative that if the district court intended to order a name change, it erred and the order should be amended and a hearing set on the issue of whether good cause was shown. The request on which the district court ruled, however, was the request to clarify whether a name change was what the court intended to order.

The primary focus in the discussion of Rule 60(a) must center on its scope. We think it clear that this rule was not designed as a substitute for appeal, nor to affect substantive portions of a judgment or decree. It is not intended to correct judicial, as opposed to clerical, error. The problem is essentially one of characterization.

Several tests have been suggested to facilitate the distinctions. We feel all in essence encompass the same rule. The key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal. . . . [T]he central purpose of Rule 60(a) is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent. As the Tenth Circuit stated in *Blankenship* [*v. Royalty Holding Co.*, 202 F.2d 77, 79 (10th Cir. 1953) ]:

"Courts possess the inherent power to correct errors in the records evidencing the judgment pronounced by the court so as to make them speak the truth by actually reflecting that which was in fact done. They do not, however, possess the power to correct an error by the court in rendering a judgment it did not intend to render and by such order change a judgment actually but erroneously pronounced by the court to the one the court intended to record. * * * "

In keeping with this purpose to effectuate the intent of the court, we feel that 60(a) is also designed to clarify as well as correct. In this respect, we feel the rule can properly be utilized to dispel ambiguities that exist in the record, whether that ambiguity is patent or latent. Where the intention of the court is not evident or apparent, Rule 60(a) can be used to clarify the meaning to conform to the contemporaneous intentions of the court as then expressed.

*Kite Ranch*, ¶ 18, 181 P.3d at 925-26 (Wyo. 2008) (quoting *Spomer v. Spomer*, 580 P.2d 1146, 1148-49 (Wyo. 1978)); *see also* 11 Charles A. Wright et al., *Fed. Prac. & Proc. Civ.* § 2854 (3d ed. April 2020) ("Thus a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.").

[¶29]   In *Kite Ranch*, at the trial level a motion to amend an injunctive order cited Rule 59(e), and the trial court revised the injunctive order to address conflicting terms in the order itself.   However, we also recognized on appeal that more generally Rule 60(a) allows a revision to clarify an order's meaning so that it conforms to the contemporaneous intentions of the court.   *Kite Ranch*, ¶ 18, 181 P.3d at 926.   Several considerations persuade me that the district court's clarifying order in this case was intended to do just that.

[¶30]   First, although Mr. Brown's motion requested that MFJ's surname be changed, it also requested that his name and the child's surname be placed on the birth certificate.   In making that request, he cited Wyo. Stat. Ann. § 35-1-411(c), which provides that "[i]n any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court."   In its original order granting Mr. Brown's motion, the court cited the same statute as the basis for its order.   Since the statute does not direct a name change but instead requires only that both the father's name and the child's surname, whatever that may be, be entered on the birth certificate, I see no basis to read the court's order as directing a name change.   I instead read the court's original order as doing no more and no less than what was required by the statute pursuant to which Mr. Brown moved.

[¶31]   Additionally, the district court made no finding in its original order that a name change was warranted, and I do not believe that the Court can fairly read the reference to Ms. Jerding's failure to file a brief as a decision to grant the name change for that reason.[10]   Indeed, while the court's order referenced the requirement that Mr. Brown's name and the child's surname be on the birth certificate, it did not mention the request that the child's surname be changed.   Moreover, in directing that both names appear on the birth certificate, the order referred to the child as MFJ.   Finally, I believe that the court made its intentions clear in its ruling on Ms. Jerding's Rule 59 motion when it stated that the original order "should be clarified."

[¶32]   Based on these considerations, I am persuaded that the district court was attempting to make clear what it intended in its original judgment.   "If a judgment, as worded, is too vague to permit enforcement, the court may reword the judgment as necessary to reflect its original intent."   *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th

---

[10] Because the record does not contain a transcript of the hearing at which the briefing was ordered, we simply have no way of knowing how the district court framed the required briefing and on which party it placed the burden of coming forward with a basis for changing or not changing the child's surname. *See Rammell v. Mountainaire Animal Clinic, P.C.*, 2019 WY 53, ¶ 18, 442 P.3d 41, 46 (Wyo. 2019) (obligation is on appellant to designate a record adequate for our review) (citing *Rigdon v. Rigdon*, 2018 WY 78, ¶ 15, 421 P.3d 1069, 1074 (Wyo. 2018)).

Cir. 2012) (citing 12 James W. Moore, *Moore's Federal Practice* § 60.11[1][c] (2011)); *see also In re Kite Ranch, LLC*, ¶ 18, 181 P.3d at 925 ("The central purpose of Rule 60(a) is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent.") (internal citations omitted). The court's subsequent order did not amend or modify the original judgment. Ms. Jerding questioned the original order's meaning and the court merely clarified it to ensure that MFJ's birth certificate properly reflected the court's order. Accordingly, I would treat Ms. Jerding's motion as a Rule 60(a) motion and the court's ruling as a proper exercise of its authority under that rule.

[¶33]   I would also reject Mr. Brown's due process claim. With respect to changes to an order under Rule 60(a), we have held that "provided the district court's action involves only correction of a clerical mistake, no due process violation occurs when that correction is made without giving the parties the opportunity to be heard." *Kite Ranch*, ¶ 16, 181 P.3d at 925. As I see it, the district court's clarification is on the same footing as the correction of a clerical mistake. The clarifying order did not change the court's original order, and it instead merely clarified what was intended. Obviously, nothing Mr. Brown could say in response to Ms. Jerding's motion was going to change the court's understanding of its own intent in issuing its original ruling.

[¶34]   For these reasons, I would affirm the decision of the district court.