2007 WY 141

In the Interest of GLP,

GWP, Appellant (Respondent),

v.

The State of Wyoming, Department
of Family Services, Appellee
(Petitioner).

No. S–07–0182.

Supreme Court of Wyoming.

Aug. 30, 2007.

### Order Dismissing Appeal

[¶1]  **This matter** came before the Court upon its own motion following a review of recently docketed appeals. This Court finds that it is without jurisdiction to consider this appeal. On December 7, 2006, the district court entered an "Order After Dispositional Hearing." On December 15, 2006, Appellant filed (1) a Motion to Alter or Amend Order After Final Dispositional Hearing and (2) a Motion for Appointment of New Guardian Ad Litem. Although Appellant's motion to alter or amend tolled the time for filing a notice of appeal to challenge the Order After Dispositional hearing, such tolling is not indefinite. "The full time for appeal commences to run and is to be computed from the entry of any order granting or denying a motion.... If no order is entered, the full time for appeal commences to run when any such motion is deemed denied." W.R.A.P. 2.02(b).

[¶2]  Pursuant to W.R.C.P. 6(c)(2), the motion to alter or amend would be deemed denied after 90 days, in this case March 15, 2007. Effective March 1, 2007, W.R.C.P. 6(c)(2) was amended to permit a district court to continue its determination on a motion to alter or amend. However, such "continuation may not exceed 60 days from the expiration of the initial 90 day period." By order entered March 13, 2007, the district court continued its determination on the motion to alter or amend. With 60 days added to the initial 90 day period, Appellant's motion to alter or amend was deemed denied, at the latest, on May 14, 2007. On June 22, 2007, the district court entered its "Order Denying [GWP's] Motion to Alter or Amend the Order After Final Disposition and Denying [GWP's] Motion for Appointment of a New Guardian Ad Litem." On July 16, 2007, Appellant filed a notice of appeal to challenge the June 22nd order. This Court finds that the notice of appeal was untimely as to the Order After Dispositional Hearing. Appel-

lant's motion to alter or amend was deemed denied, at the latest, on May 14, 2007. Thus, Appellant's July 16th notice of appeal was untimely. W.R.A.P. 2.01.

[¶ 3] In addition, although Appellant's notice of appeal is timely with respect to the order denying his motion to alter or amend, that order is not appealable. In a number of cases, this Court has held that "[a]n order denying a motion for a new trial is not an appealable order." *Rutledge v. Vonfeldt*, 564 P.2d 350, 351 (Wyo.1977); *Sun Land & Cattle Co. v. Brown*, 387 P.2d 1004, 1006 (Wyo.1964). This is because "[e]rror lies to the judgment, but not to the decision of the motion; though that decision may be made a ground for the reversal of the judgment." *Mitter v. Black Diamond Coal Co.*, 193 P. 520, 521, 27 Wyo. 72 (Wyo.1920) (quoting *Young v. Shallenberger*, 53 Ohio St. 291, 41 N.E. 518). The same rule applies to an order denying a motion to alter or amend. *Parker v. Kahin*, 758 P.2d 570, 570–71 (Wyo. 1988). Because Appellant's notice of appeal does not identify an appealable order, this Court finds that this appeal, to the extent it seeks to challenge the denial of the motion to alter or amend, must be dismissed. *Scott v. Sutphin*, 2005 WY 38, 109 P.3d 520 (Wyo. 2005).

[¶ 4] Finally, the Court finds that the order denying Appellant's motion for appointment of new guardian ad litem for the child is not an appealable order. This Court finds that the order does not qualify as an "order affecting a substantial right made in a special proceeding." W.R.A.P. 1.05(b). It is, therefore,

[¶ 5] **ORDERED** that the captioned appeal be, and hereby is, dismissed; and it is further

[¶ 6] **ORDERED** that this Order shall be published in the Wyoming Reporter and the Pacific Reporter.

**DATED** this 28th day of August, 2007.

**BY THE COURT:**
/s/ Barton R. Voigt
**BARTON R. VOIGT**
**Chief Justice**