# THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 66

**APRIL TERM, A.D. 2024**

**June 18, 2024**

AMERICAN COLLECTION SYSTEMS,
INC., a Wyoming corporation,

Appellant
Plaintiff/Judgment Creditor),

v.                                                              S-23-0216

LACY D. JUDKINS f/k/a LACY D. BERKEL,

Appellee
(Defendant/Judgment Debtor).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
     *A. Joe Hageman, Laramie, Wyoming.*

*Representing Appellee:*
     *Lacy D. Judkins, pro se.*

*Before FOX, C.J., and KAUTZ\*, BOOMGAARDEN, GRAY, and FENN, JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]    American Collection Systems, Inc. (ACS) filed a motion to revive a dormant judgment.    The district court issued an *Order for Revival of Judgment* (underlying judgment) that revived the dormant judgment but declined to award post-judgment interest. ACS filed a motion to alter or amend the underlying judgment to include the post-judgment interest.    The district court issued an *Order on Plaintiff's Motion for Amended Order of Revival* (post-judgment order) which denied ACS's motion.    ACS appeals claiming the district court was required as a matter of law to award post-judgment interest.    We reverse and remand.

## ISSUES

[¶2]    ACS raises three issues, which we rephrase and consolidate into a single issue:

> I.    Did the district court err as a matter of law in failing to allow post-judgment interest which accrued between the entry of the judgment and the date the judgment became dormant?

However, because ACS's notice of appeal only designated the post-judgment order as the order being appealed, we raise the following issues:

> II.    Does this Court have jurisdiction to review the underlying judgment?
>
> III.    Did the district court abuse its discretion when it denied ACS's motion to alter or amend the underlying judgment?

## FACTS

[¶3]    On October 20, 2010, the district court awarded ACS a default judgment against Lacy D. Berkel, aka Lacy D. Judkins (Ms. Judkins).    When ACS failed to execute on that judgment for more than five years, it became dormant under Wyoming Statute § 1-17-307 (LexisNexis 2021).    In December 2022, ACS filed a motion to revive the dormant judgment pursuant to Wyoming Statute § 1-16-502 (LexisNexis 2021).    The district court held a hearing on the motion in June 2023, where Ms. Judkins responded to the motion.    On July 7, 2023, the district court entered an *Order for Revival of Judgment* (underlying judgment) in which it revived the dormant judgment but declined to impose post-judgment interest that accrued from the date the judgment was entered until it became dormant.    Although the hearing was not reported, the district court's order indicates Ms. Judkins alleged the district court should deny the motion to revive the judgment because ACS failed to make

1

diligent collection efforts. Instead of denying the motion to revive, the district court found ACS's lack of collection efforts constituted good cause to deny post-judgment interest:

> [ACS] filed a *Motion for Entry of Revival of Judgment* with supporting Affidavit and having reviewed the supplemental pleadings, the [c]ourt finds good cause to revive the original Judgment but not to order interest or costs given the information provided by [Ms. Judkins] about her location during the time in question and the fact that [ACS] acknowledges this issue to some extent seeking interest only to the date of dormancy.

[¶4]    Rather than filing an appeal, ACS filed a motion to alter or amend the underlying judgment on July 25, 2023.  The motion stated it was being filed under Rules 59(e) and "60(a)(6)" of the Wyoming Rules of Civil Procedure (W.R.C.P.).  The motion did not include the standard for granting a motion under either W.R.C.P. 59(e) or 60.  Instead, it contained only a brief recitation of the law applicable to post-judgment interest and stated: "Simply put, as a matter of law, post-judgment interest is mandatory until a judgment becomes dormant and the award of post-judgment interest is beyond the discretion of this [c]ourt."  ACS asked the district court to enter an amended order for revival of judgment that included the post-judgment interest.

[¶5]    The district court entered an *Order on Plaintiff's Motion for Amended Order of Revival* (post-judgment order) on August 2, 2023, which denied ACS's motion after finding there was no good cause to grant it.  ACS filed its notice of appeal on September 1, 2023.  The notice of appeal specifically identified the order being appealed as: "the Second Judicial District Court's *Order on Motion for Amended Order of Revival, entered August 2nd, 2023* in the above captioned matter."

## DISCUSSION

### I. *Does this Court have jurisdiction to review the underlying judgment?*

[¶6]    ACS asserts it took this appeal from both the underlying judgment entered on July 7, 2023, and the post-judgment order entered on August 2, 2023.  Ms. Judkins did not file a brief.  Although the parties did not raise the issue of whether we have jurisdiction to review the underlying judgment, we may do so sua sponte. *Davidson-Eaton v. Iversen,* 2021 WY 49, ¶ 9, 484 P.3d 23, 24–25 (Wyo. 2021) (citing *Edsall v. Moore,* 2016 WY 71, ¶ 10, 375 P.3d 799, 801 (Wyo. 2016)) (recognizing a challenge to jurisdiction can be raised by the Court at any time).  "Whether we have jurisdiction is a question of law we consider de novo." *Id.* at ¶ 9, 484 P.3d at 25 (citing *Jontra Holdings Pty Ltd v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶ 28, 479 P.3d 1222, 1231 (Wyo. 2021)).

[¶7]     Rule 1.03(a) of the Wyoming Rules of Appellate Procedure (W.R.A.P.) explicitly provides "[t]he timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional."   To comply with W.R.A.P 2.07(a)(2), a party's notice of appeal must "'identify the judgment or appealable order' being appealed." *EOG Res. Inc., v. JJLM Land, LLC*, 2022 WY 162, ¶ 41, 522 P.3d 605, 616 (Wyo. 2022) (citing *Painovich v. Painovich*, 2009 WY 116, ¶ 11, 216 P.3d 501, 504 (Wyo. 2009)).   "A notice of appeal 'only perfects an appeal of the order(s) identified in the notice.'" *Id.* (quoting *Evans v. Moyer*, 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo. 2012)).  If an order is not properly identified in the notice of appeal, this Court is "without jurisdiction" to review it. *Id.* at ¶¶ 41–43, 522 P.3d at 616–17.

[¶8]     Although ACS could have identified both orders in its notice of appeal, it only identified the post-judgment order as the order being appealed.   We have recognized interlocutory orders merge into final orders, and a notice of appeal that names the final judgment is sufficient to support review of earlier orders. *See In re RR*, 2021 WY 85, ¶ 66, 492 P.3d 246, 264 (Wyo. 2021) (citing *Kruckenberg v. Ding Masters, Inc.*, 2008 WY 40, ¶ 11, 180 P.3d 895, 899 (Wyo. 2008)).   However, in this case, the underlying judgment was a final appealable order under W.R.A.P. 1.05 because it affected a substantial right, determined the merits of the controversy, and resolved all outstanding issues. *Jontra Holdings Pty Ltd*, 2021 WY 17, ¶ 29, 479 P.3d at 1231 (citations omitted).  Therefore, it did not merge into the post-judgment order.  There were two separate orders, either or both of which could have been appealed.  We must decide if listing only the post-judgment order in the notice of appeal gives us jurisdiction over the underlying judgment.

[¶9]     The purpose of a notice of appeal "is to acquaint the appellee and the appellate court with the fact that an appeal has been taken from a specific judgment in a particular case." *Gunther v. E. I. Du Pont De Nemours & Co.*, 255 F.2d 710, 717 (4th Cir. 1958).[1]  Federal courts liberally construe notices of appeal. *See, e.g., Raley v. Hyundai Motor Co., Ltd.*, 642 F.3d 1271, 1278 (10th Cir. 2011).  Although we have not used this phrase, we approved of liberally construing notices of appeal in *Pfeil v. State*, where we said: "even if a notice fails to properly designate the order from which the appeal is taken, this Court has jurisdiction if the appellant's intention was clear." 2014 WY 137, ¶ 12, 336 P.3d 1206, 1210 (Wyo. 2014) (quoting *Fleming v. Evans*, 481 F.3d 1249, 1253–54 (10th Cir. 2007)).  Our goal is to determine whether the notice "serve[s] the purpose of providing notice to other parties and the [C]ourt." *Id.* (citing *Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 682, 116 L. Ed. 2d 678 (1992)).  "A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced." *Sines v. Wilner*, 609 F.3d

---

[1] W.R.A.P. 2.07(a)(2) is similar to Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure (F.R.A.P.).  Because our rules are patterned after the federal rules, "federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." *Baker v. Baker*, 2023 WY 121, ¶ 19, 539 P.3d 412, 416 (Wyo. 2023) (quoting *Windham v. Windham*, 2015 WY 61, ¶ 20, 348 P.3d 836, 842 (Wyo. 2015)).

1070, 1074 (10th Cir. 2010) (citing *Sanabria v. United States*, 437 U.S. 54, 67 n.21, 98 S. Ct. 2170, 2180 n.21, 57 L. Ed. 2d 43 (1978)). However, we cannot waive W.R.A.P. 2.07(a)'s jurisdictional requirements by addressing arguments and issues that are not properly before us. *See EOG Res. Inc.*, 2022 WY 162, ¶ 43, 522 P.3d at 617; *Woodward v. Valvoda*, 2021 WY 5, ¶ 35, 478 P.3d 1189, 1202 (Wyo. 2021); *Painovich*, 2009 WY 116, ¶¶ 10–11, 216 P.3d at 504.[2]

[¶10] ACS's notice of appeal specifically described the order being appealed as the "*Order on Motion for Amended Order of Revival, entered August 2nd, 2023*[.]" Even construing ACS's notice liberally, it only provided notice of ACS's intent to appeal the post-judgment order. The specificity with which ACS identified the order indicates appealing only the post-judgment order was not a technical mistake. *See Shuler v. Garrison*, 718 Fed. Appx. 825, 828 (11th Cir. 2017). Although the appendix to ACS's notice of appeal lists the underlying judgment and several other orders in compliance with W.R.A.P. 2.07(b)(2),[3] there is nothing in the notice of appeal illustrating an intent to appeal the underlying judgment. Because the notice of appeal cannot be construed as providing notice of ACS's intent to appeal the underlying judgment, ACS failed to properly perfect its appeal of that order. We are without jurisdiction to consider the underlying judgment, and we are unable to consider any claims or arguments related to the underlying judgment. *See EOG Res. Inc.*, 2022 WY 162, ¶ 43, 522 P.3d at 617; *Woodward*, 2021 WY 5, ¶ 35, 478 P.3d at 1202; *Painovich*, 2009 WY 116, ¶¶ 10–11, 216 P.3d at 504.

## II. *Did the district court abuse its discretion when it denied ACS's motion to alter or amend the underlying judgment?*

[¶11] ACS brought its motion to alter or amend the underlying judgment under W.R.C.P.

---

[2] Federal courts also recognize liberal construction does not excuse noncompliance with F.R.A.P. 3(c)(1)(B)'s requirements, and courts cannot waive the rule's jurisdictional requirements. *See, e.g., Collymore v. Krystal Myers, RN*, 74 F.4th 22, 27 (2d Cir. 2023) ("[W]e have consistently viewed a notice of appeal liberally . . . ."); *United States v. Jackson*, 21 F.4th 1205, 1211 (9th Cir. 2022) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315–17, 108 S. Ct. 2405, 2407–09, 101 L. Ed. 2d 285 (1988)) ("The requirements of Rule 3(c) are interpreted liberally, and a technical variance from the Rule does not defeat jurisdiction if the litigant's filing is the 'functional equivalent' of what is required under the procedural Rule."); *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 225 (3d Cir. 2020) (quoting *Barry*, 502 U.S. at 248, 112 S. Ct. at 681) (internal quotation marks and citations omitted) ("We construe notices of appeal liberally because decisions on the merits are not to be avoided on grounds of technical violations of procedural rules. Liberal construction does not, however, excuse noncompliance with Rule 3. Noncompliance is fatal to an appeal."); *Stephens v. Jessup*, 793 F.3d 941, 943 (8th Cir. 2015) ("Although we liberally construe notices of appeal, we cannot waive the jurisdictional requirements of Rule 3 . . . .").

[3] W.R.A.P. 2.07(b)(2) requires a notice of appeal in a civil case to include an appendix, "which shall list, but not attach," "[a]ll orders or judgments disposing of claims for relief and all orders or judgments disposing of all claims by or against any party[.]"

59(e).[4]  As discussed above, the motion briefly recited the law related to post-judgment interest and informed the district court awarding post-judgment interest was mandatory. ACS's brief focuses entirely on the merits of the underlying judgment, and it lacks any detailed argument or analysis regarding the denial of the motion to alter or amend.  Because we only have jurisdiction over the post-judgment order, we limit our review to whether the district court abused its discretion when it denied the motion to alter or amend the underlying judgment.

[¶12]  "Our jurisdiction 'is limited to appeals from final appealable orders.'" *Painter v. McGill ex rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 10, 450 P.3d 1243, 1245 (Wyo. 2019) (quoting *Matter of Estate of Inman*, 2016 WY 101, ¶ 9, 382 P.3d 67, 69 (Wyo. 2016)). Over the last 35 years, our jurisprudence has taken conflicting positions on whether a Rule 59(e) order is appealable.

[¶13]  In *Parker v. Kahin*, we dismissed an appeal from an order denying a motion to alter or amend a judgment finding we lacked jurisdiction because it was not an appealable order. 758 P.2d 570 (Wyo. 1988).  In the 1990s, we changed course, and found Rule 59(e) orders were appealable, and subject to an abuse of discretion standard of review. *See Dudley v. Franklin*, 983 P.2d 1223, 1227 (Wyo. 1999) (quoting *Sherman v. Rose*, 943 P.2d 719, 721 (Wyo. 1997)); *Moore v. Lubnau*, 855 P.2d 1245, 1251 (Wyo. 1993).  Then, in 2007, without discussing our cases from the 1990s, we again held a Rule 59(e) order was not an appealable order. *In re GLP,* 2007 WY 141, ¶ 3, 166 P.3d 1284, 1285 (Wyo. 2007).  We explained that the reason for this rule was that any error lies in the underlying judgment rather than in the decision to deny the motion to alter or amend that judgment. *In re GLP*, ¶ 3, 166 P.3d at 1285 (quoting *Mitter v. Black Diamond Coal Co.*, 193 P. 520, 521 (Wyo. 1920)).  In 2020, we changed course again, and without expressly overruling *In re GLP*, we followed federal precedent and held W.R.C.P. 59(e) orders are appealable and subject to an abuse of discretion standard of review. *Brown v. Jerding*, 2020 WY 123, ¶ 11, 472 P.3d 1038, 1041–42 (Wyo. 2020).

[¶14]  This Court approaches overruling prior case law with caution. However, *stare decisis* is not an "inexorable command," and it can occasionally be rejected "for specific articulated reasons." *In re JJD*, 2023 WY 52, ¶ 3, 529 P.3d 1091, 1092 (Wyo. 2023) (quoting *Smith v. Bd. of Cnty. Comm'rs of Park Cnty.*, 2013 WY 3, ¶ 15, 291 P.3d 947, 952 (Wyo. 2013)).  This Court has departed from precedent when necessary to vindicate plain, obvious principles of law and remedy continued injustice. *Id.* (citing *Gueke v. Bd. of Cnty. Comm'rs for Teton Cnty.*, 728 P.2d 167, 171 (Wyo. 1986), *overruled on other grounds by Dunnegan v. Laramie Cnty. Comm'rs*, 852 P.2d 1138 (Wyo. 1993)).  "When precedential decisions are no longer workable, or are poorly reasoned, we should not feel

---

[4] As discussed above, ACS also brought its motion to alter or amend under W.R.C.P. 60.  Because we find this is one of the extraordinary circumstances where relief is appropriate under W.R.C.P. 59(e), we will not address whether ACS would have been entitled to relief under W.R.C.P. 60.

compelled to follow precedent." *McCallister v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2019 WY 47, ¶ 21, 440 P.3d 1078, 1084 (Wyo. 2019) (quoting *State ex rel. Wyo. Workers' Comp. Div. v. Barker*, 978 P.2d 1156, 1161 (Wyo. 1999)). The purpose of *stare decisis* is to further the "evenhanded, predictable, and consistent development of legal principles, foster[] reliance on judicial decisions, and contribute[] to the actual and perceived integrity of the judicial process." *Id.* (quoting *Barker*, 978 P.2d at 1161).

[¶15] As outlined above, our approach to Rule 59(e) has not resulted in the "evenhanded, predictable, and consistent development of legal principles[.]" *Id.* It is necessary for us to depart from our prior decisions in order to further the purpose of *stare decisis* and provide clear guidance for future cases. We find the approach taken in our 1990s cases and our more recent cases like *Brown* is more likely to lead to the consistent, predictable, and evenhanded application of legal principles. In addition, because this approach is in line with federal precedent, it provides additional persuasive authority for district courts to follow when faced with Rule 59(e) motions. We expressly overrule *In re GLP* and *Parker* and hold Rule 59(e) orders are final appealable orders that we review for an abuse of discretion.

[¶16] The party appealing an order has the burden of establishing an abuse of discretion. *Corley v. Wyo. Rents, LLC*, 2024 WY 51, ¶ 25, 547 P.3d 333, 338 (Wyo. 2024) (citing *Int. of Bass*, 2020 WY 27, ¶ 5, 458 P.3d 857, 858 (Wyo. 2020)). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* at ¶ 26, 547 P.3d at 338 (quoting *Dollarhide v. Bancroft*, 2010 WY 126, ¶ 4, 239 P.3d 1168, 1170 (Wyo. 2010)). "A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances." *Id.* (citing *Circle C Res. v. Hassler*, 2023 WY 54, ¶ 22, 530 P.3d 288, 295 (Wyo. 2023)). The ultimate question is "whether the trial court could reasonably conclude as it did." *Id.* (citing *Circle C Res.*, ¶ 22, 530 P.3d at 295).

[¶17] Due to the conflicting nature of our case law regarding the appealability of Rule 59(e) orders, we have relatively few cases that discuss the guidelines that apply to these motions. There are three appropriate grounds for bringing a motion to alter or amend a judgment under Rule 59(e): "1) an intervening change in controlling law; 2) the availability of new evidence not available at the time the case was originally heard; or 3) the need to correct a clear error of law or prevent manifest injustice." *Brown*, 2020 WY 123, ¶ 12, 472 P.3d at 1042 (quoting *Essex Holding, LLC v. Basic Props., Inc.*, 2018 WY 111, ¶ 30, 427 P.3d 708, 717 (Wyo. 2018)). In *Brown*, the district court entered an order directing the name of the father and the surname of a minor child be entered on the birth certificate. *Id.* at ¶ 6, 472 P.3d at 1040. The child's mother subsequently filed a Rule 59(e) motion to alter or amend the judgment, asking the district court to clarify the order by directing the placement of the father's name on the birth certificate and nothing more. *Id.* at ¶ 7, 472

P.3d at 1041. Without holding a hearing or giving the father an opportunity to respond, the district court issued an amended order stating the child's birth certificate would reflect the name of the father, but that no other changes to minor child's birth certificate were justified. *Id.* at ¶ 8, 472 P.3d at 1041. On appeal, we found none of the three grounds for bringing a Rule 59(e) motion were present, and the district court abused its discretion by granting the motion. *Id.* at ¶¶ 12, 17, 472 P.3d at 1042, 1043. We held a district court "may not vacate or change an order simply because the court has changed its mind." *Id.* at ¶ 17, 472 P.3d at 1043 (citing *In re Marriage of Johnson*, 262 P.3d 1105, 1108 (Mont. 2011)). We further held Rule 59(e) allows the district court to amend a clerical or ministerial mistake, but the rule does not provide an avenue to amend or change settled conclusions from the underlying judgment. *Id.* at ¶ 16, 472 P.3d at 1043. We said: "[a] motion to alter or amend a judgment is not an appropriate method to set aside what has been determined, nor to correct a judicial error or make a new adjudication." *Id.* at ¶ 12, 472 P.3d at 1042 (citing *In re Marriage of Johnson*, 262 P.3d at 1108). We held Rule 59(e) is not an appropriate method to make a substantive amendment, which "disturbs or revises legal rights and obligations . . . settled by the previous judgment." *Id.* at ¶ 13, 472 P.3d at 1042 (citations omitted).

[¶18] Our holding in *Brown* is contrary to the majority of precedent interpreting the federal version of Rule 59(e). *See, e.g., Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) (citation omitted) ("[A] motion constitutes a Rule 59(e) motion if it "requests a substantive change in the district court's judgment or otherwise questions its substantive correctness."); *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 387 (9th Cir. 1988) (holding a proper Rule 59(e) motion seeks "a substantive change in the district court's decision," and not merely a "'ministerial' act by the court"); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995) (citations omitted) (finding a proper Rule 59(e) motion seeks "a substantive change in the original judgment"); *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988) (citation omitted) (holding Rule 59 applies to "matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits"); *see also* 11 Charles Alan Wright & Authur R. Miller, Fed. Prac. & Proc. Civ. § 2810.1 (3d ed. June 2024 Update) ("Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment."). Addressing any of the three appropriate grounds for bringing a Rule 59(e) motion would likely require a substantive change to an underlying judgment. We agree with our holding in *Brown* that Rule 59(e) does not provide district courts with an avenue to vacate an order simply because it has changed its mind. However, we find it is necessary to depart from *Brown's* holding regarding the scope of the type of changes that may be made to an underlying judgment under Rule 59(e) in order to further the "evenhanded, predictable, and consistent development of legal principles[.]" *McCallister*, 2019 WY 47, ¶ 21, 440 P.3d at 1084. In line with federal precedent, we hold W.R.C.P. 59(e) can be used to make substantive changes to an underlying judgment when

a motion to alter or amend judgment is properly brought under one of the three appropriate grounds, and it is one of those rare occasions where relief is appropriate under the Rule.

[¶19]   Although ACS did not specify under which of the three Rule 59(e) grounds it was bringing its motion, the only possible applicable ground is "the need to correct a clear error of law or prevent manifest injustice." Rule 59(e) gives a district court the chance "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020) (quoting *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450, 102 S. Ct. 1162, 1166, 71 L. Ed. 2d 325 (1982)). Rule 59(e) "enables a district court to reverse a mistaken judgment, and so make an appeal altogether unnecessary." *Id.* at 516, 140 S. Ct. at 1708.  Courts only grant relief under Rule 59(e) in extraordinary circumstances. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Metro. Life Ins. Co. v. Blyther*, 964 F. Supp. 2d 61, 68 (D.D.C. 2013) (quoting *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).   One federal court described the standard necessary to succeed on a Rule 59(e) motion based on the need to correct a clear error of law or prevent manifest injustice as follows:

> The standard for Rule 59(e) motions is high.  To justify reconsideration on the basis of manifest error, the prior decision cannot be "just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."

*Gross v. Pfizer, Inc.*, 825 F. Supp. 2d 654, 664 (D. Md. 2011) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).  While colorful and arguably subjective, this "sniff test" emphasizes the extraordinary nature of Rule 59(e) relief.

[¶20]   Although we review ACS's Rule 59(e) motion for an abuse of discretion, this review involves verifying the district court's "discretion was not guided by erroneous legal conclusions." *Walker v. BOKF, Nat'l Ass'n*, 30 F.4th 994, 1002 (10th Cir. 2022) (quoting *ClearOne Commc'n v. Biamp Sys.*, 653 F.3d 1163, 1178 (10th Cir. 2011)).  A Rule 59(e) motion to alter or amend a judgment may be granted if the district court misapprehended the controlling law. *N. Arapaho Tribe v. Ashe*, 925 F. Supp. 2d 1206, 1219 (D. Wyo. 2012) (citing *Servants of Paraclete*, 204 F.3d at 1012).

[¶21]   Wyoming Statute § 1-16-102(a) (LexisNexis 2021) states judgments "shall" bear interest at ten percent per year from the date of rendition until paid, unless the parties contractually agreed to a different amount of interest.  We have long held district courts must give effect to the legislature's grant of this statutory interest. *Salmeri v. Salmeri*, 554 P.2d 1244, 1249 (Wyo. 1976).  In *Halling v. Yovanovich*, we held a judgment bears post-judgment interest at the statutory rate as a matter of law under Wyoming Statute § 1-16-102(a) and (b) whether or not it is provided for in the judgment. 2017 WY 28, ¶ 37, 391

P.3d 611, 624 (Wyo. 2017); *see also Hanft v. City of Laramie*, 2021 WY 52, ¶¶ 92–94, 485 P.3d 369, 393–94 (Wyo. 2021). "We have held that since decrees and judgments for the payment of money bear post-judgment interest as a matter of law, a district court does not err when it fails to specify post-judgment interest in an order." *Hanft*, ¶ 92, 485 P.3d at 393–394 (citing *Halling*, ¶ 38, 391 P.3d at 624). However, in this case, the district court went beyond failing to specify the post-judgment interest and specifically denied ACS's request for post-judgment interest from the date of entry through the date the judgment became dormant. The district court clearly misapprehended the controlling law that applies to post-judgment interest, and it clearly erred when it denied ACS's Rule 59(e) motion after finding there was no good cause to grant it. The district court abused its discretion when it denied ACS's Rule 59(e) motion because its decision was based on erroneous legal conclusions. *Walker,* 30 F.4th at 1002 (quoting *ClearOne Commc'n,* 653 F.3d at 1178). Because granting ACS's motion to alter or amend the judgment is necessary to correct a clear error of law and prevent manifest injustice, this is one of the extraordinary circumstances where relief under W.R.C.P. 59(e) is appropriate. We reverse and remand with instructions to issue an amended judgment that includes the post-judgment interest through the date the judgment became dormant.

## CONCLUSION

[¶22] ACS did not identify the underlying judgment in its notice of appeal, and this Court is without jurisdiction to review that order. The district court misapprehended the controlling law when it denied ACS's request for mandatory post-judgment interest. The district court abused its discretion because its decision to deny the Rule 59(e) motion was based on erroneous legal conclusions. Granting ACS's motion to alter or amend the judgment is necessary to correct a clear error of law and prevent manifest injustice. This is one of the extraordinary circumstances where relief under W.R.C.P. 59(e) is appropriate. We reverse and remand with instructions to enter an amended judgment that includes the post-judgment interest through the date the judgment became dormant.