# THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 45

### APRIL TERM, A.D. 2026

### April 22, 2026

MEMORIAL HOSPITAL OF
CONVERSE COUNTY - ADVANCED
MEDICINE, HOMETOWN CARE and
JONATHAN L. GROSDIDIER, M.D.
F.A.C.S.,

Appellants
(Defendants),

v.

LANEY GATES,

Appellee
(Plaintiff).

S-25-0159

LANEY GATES,

Appellant
(Plaintiff),

v.

MEMORIAL HOSPITAL OF
CONVERSE COUNTY - ADVANCED
MEDICINE, HOMETOWN CARE and
JONATHAN L. GROSDIDIER, M.D.
F.A.C.S.,

Appellees
(Defendants).

S-25-0160

*Appeal from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Memorial Hospital of Converse County-Advance Medicine, Hometown Care:*
> Billie L. Addleman and Christine L. Jordan of Hirst Applegate, LLP, Cheyenne, Wyoming. Argument by Ms. Jordan.

*Representing Johnathan Grosdidier, M.D., F.A.C.S.:*
> Scott E. Ortiz and Zara S. Mason of Williams, Porter, Day & Neville, P.C., Casper, Wyoming. Argument by Ms. Mason.

*Representing Laney Gates:*
> C. John Cotton of Cotton Law Office, PC, Gillette, Wyoming. Argument by Mr. Cotton.

**Before BOOMGAARDEN, C.J., and GRAY, FENN, and HILL, JJ., and COOLEY, DJ.**

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Laney Gates suffered complications following a routine appendectomy at Memorial Hospital of Converse County (Hospital), which left her suffering from short bowel syndrome.  She filed a complaint pursuant to the Wyoming Governmental Claims Act, Wyoming Statutes §§ 1-39-101 through 1-39-120 (2021) (the Act), alleging medical malpractice against the Hospital and two physicians employed by the Hospital.  After a trial, the jury returned a $3.2 million verdict against one of the physicians.  Under the Act, the Hospital is vicariously liable for the physician's conduct and damages, however, the Act's waiver of governmental immunity limited the Hospital's liability to $1 million.  Despite this statutory limitation, the district court entered judgment against the Hospital and physician for the full amount of the verdict.  The Hospital and physician appealed, arguing the district court erred by failing to limit the judgment to the amount permitted under the Act.  Ms. Gates filed a cross-appeal, contending the Act's limitation does not apply because the Hospital operates a statewide commercial healthcare enterprise.  We reverse the district court's judgment and find the Hospital's liability is limited to $1 million.

## ISSUES

[¶2]    There are two issues on appeal which we restate as follows:

      I.  Did Memorial Hospital of Converse County waive its governmental immunity beyond the statutory limitation by operating a statewide commercial healthcare enterprise?

     II.  Did the district court err by entering judgment in an amount greater than the $1 million limitation on the waiver of governmental immunity under the Act?

## FACTS

[¶3]    Laney Gates was admitted to Memorial Hospital of Converse County (Hospital) on October 6, 2019, for a routine appendectomy that "devolved into an untreated intestinal volvulus and mesenteric/intestinal ischemia."  Jonathan Grosdidier, M.D., F.A.C.S., an employee of the Hospital, performed the routine appendectomy at approximately noon on the day of admission.  The following day, Ms. Gates experienced an onset of severe abdominal pain and was transferred to the Children's Hospital of Colorado via an air ambulance.  Ms. Gates underwent emergency surgery, where doctors removed approximately 120 cm of her small intestine, including her ileocecal valve, which left her suffering from short bowel syndrome.

1

[¶4]     On September 3, 2021, Ms. Gates filed a complaint[1] alleging medical malpractice against the Hospital and two of its physicians.  The two hospital-employed physicians were Dr. Grosdidier, who performed the appendectomy, and Dennis Yutani, M.D., who read a computer tomography scan.  In its answer, the Hospital admitted Dr. Grosdidier and Dr. Yutani were its employees, and the Hospital was vicariously liable for their negligence while acting within the scope of their duties.  As an affirmative defense, the Hospital asserted Ms. Gates's damages may be subject to the limitation on the waiver of governmental immunity under the Act.  Ms. Gates moved for partial summary judgment, arguing the limitation under Wyoming Statute § 1-39-110(b) was unconstitutional because Article 10, § 4(a) of the Wyoming Constitution expressly precludes any law "limiting the amount of damages to be recovered for causing the injury or death of any person."  Ms. Gates further argued that, although the Hospital had represented its insurance coverage was limited to $1 million, its chief executive officer (CEO) publicly reported in the media the Hospital earned $20 million in gross revenues and $3 million in net revenues.  She contended, given this revenue, the limitation under the Act was "absurd."

[¶5]     Following a pre-trial hearing on November 19, 2024, the district court found the liability limitation under Wyoming Statute § 1-39-110(b) was a "limitation[] on the waiver of governmental immunity" and not a limitation on the recoverable damages, and therefore, the Act was not unconstitutional.[2]  The district court acknowledged the Act applied to the underlying complaint and denied Ms. Gates's motion for partial summary judgment.

[¶6]     A jury trial commenced on March 31, 2025, and the jury returned its verdict on April 10, 2025.  The jury awarded $8 million in total damages and apportioned fault as follows: 40% to Dr. Grosdidier, 0% to Dr. Yutani, and 30% each to two physicians from Children's Hospital of Colorado, who were not parties to the lawsuit.  Before judgment was entered, Ms. Gates filed what she labeled as a renewed motion for partial summary judgment, again arguing the limitation under the Act violated the Wyoming Constitution.  In that motion, Ms. Gates also raised new arguments, including asserting the Hospital had relinquished any claim to immunity under the Act by operating a statewide commercial healthcare enterprise.  On the same day she filed her renewed motion, Ms. Gates also filed a motion requesting the district court delay formal entry of judgment pending resolution of the issues raised in her renewed motion.

---

[1] Ms. Gates's parents commenced the underlying lawsuit on her behalf as her parents, conservators, guardians, and next friends because she was a minor at the time.  During the pendency of the action, however, Ms. Gates reached the age of majority, and the district court substituted her as the plaintiff.

[2] In *Bain v. City of Cheyenne*, we considered whether the limitation under Wyoming Statute § 1-39-118(a)(i) violates Article 10, § 4(a) of the Wyoming Constitution. 2025 WY 67, ¶ 2, 570 P.3d 725, 727 (Wyo. 2025). We found the statute does not violate Article 10, § 4(a) because the statute is not a limitation on recoverable damages, but instead it limits the scope of the waiver of governmental immunity under the Act. *Id.* at ¶¶ 23–24, 570 P.3d at 731.

[¶7]    The Hospital and Dr. Grosdidier (collectively referred to as MHCC throughout the rest of the opinion)[3] jointly objected and requested the district court enter judgment for $1 million, which they asserted was the limit of the waiver of immunity under the Act.  Ms. Gates replied, asking the district court to enter judgment for the full $3.2 million jury award against MHCC, and to determine whether MHCC was barred from claiming immunity under the Act because the Hospital operates a statewide commercial healthcare enterprise.  On May 9, 2025, the district court entered judgment against MHCC in the amount of $3.2 million.

[¶8]    Three days after the district court entered judgment, MHCC filed a motion for relief from judgment.  In response, Ms. Gates again argued the Hospital had waived immunity under the Act by developing and operating a statewide commercial healthcare enterprise.  The district court denied the motion for relief from judgment and noted Ms. Gates had asked the court to enter an order finding the Hospital was not entitled to immunity under the Act.  The district court held the Hospital is a governmental entity subject to the Act's $1 million limit on the waiver of governmental immunity, but it concluded nothing in the Act prevented the court from entering judgment consistent with the jury's verdict exceeding that amount.  The district court explained that although the judgment reflected the amount awarded by the jury, the court was neither requiring MHCC to pay more than the statutory limitation nor precluding Ms. Gates from recovering more than $1 million through excess insurance as allowed under Wyoming Statute § 1-39-110(b).

[¶9]    Ms. Gates timely filed her notice of appeal stating her "appeal relate[d] to the constitutionality of the limitation on damages as set forth in . . . W.S. § 1-39-110(b)[] and [MHCC's] claim of immunity[.]"  She also stated she was appealing certain orders "inasmuch as [they] incorporate[] any holding that the limitation on damages as set forth in W.S. § 1-39-110(b) is constitutional and/or that [MHCC is] entitled to immunity[.]"  That same day, MHCC timely filed a notice of appeal, challenging the entry of judgment above the limitation on the waiver of governmental immunity under the Act.  We consolidate MHCC's appeal and Ms. Gates's appeal for purposes of argument and issuance of this opinion.

## DISCUSSION

[¶10]  MHCC argues the district court erred when it entered judgment for $3.2 million because that amount is greater than the limit on the waiver of governmental immunity under the Act.  In response, Ms. Gates claims the Act "expressly contemplates entry of a judgment in excess of the nominal statutory limitations."  She argues entering judgment below the jury's verdict prevents her from recovering the remainder of the jury's award

---

[3] The parties refer to Dr. Grosdidier and the Hospital collectively on appeal as MHCC, so to maintain consistency with the briefing we will refer to them as MHCC, and when referencing Memorial Hospital of Converse County individually, we will refer to it as the Hospital.

3

from excess insurance coverage or other non-taxpayer funds, as permitted under the Act. She suggests the Wyoming Legislature intended a party injured by governmental actions to recover an amount greater than the statutory limitation when a governmental entity is engaged in a statewide commercial healthcare enterprise.

> ### I. MHCC did not waive its governmental immunity by operating a statewide commercial healthcare enterprise. The Act limits MHCC's waiver of governmental immunity up to $1 million, unless MHCC maintained insurance coverage in excess of that amount.

[¶11] Ms. Gates argues MHCC is not entitled to the limitation on the waiver of governmental immunity because the Hospital operates a statewide commercial healthcare enterprise and has generated profits, which are not taxpayer revenues, in excess of the statutory limits. As an initial matter, MHCC claims this Court lacks jurisdiction to consider whether the Hospital waived its immunity under the Act. MHCC further claims Ms. Gates seeks a waiver of governmental immunity for reasons not authorized by the Act, and the plain language of the Act only waives immunity up to $1 million unless there is excess insurance coverage.

> ### A. We have jurisdiction to consider Ms. Gates's argument MHCC is not entitled to the limitation on the waiver of governmental immunity under the Act.

[¶12] MHCC argues this Court must dismiss Ms. Gates's cross-appeal for lack of jurisdiction. It claims this Court is without jurisdiction because there is no judgment or appealable order determining the merits of whether Hospital waived its immunity by operating a statewide commercial healthcare enterprise.

[¶13] Before we can reach the merits of Ms. Gates's issue, we must determine whether this Court has jurisdiction. *Essex Holding, LLC v. Basic Props., Inc.*, 2018 WY 111, ¶ 28, 427 P.3d 708, 716 (Wyo. 2018). "Whether we have jurisdiction is a question of law we consider de novo." *Am. Collection Sys., Inc. v. Judkins*, 2024 WY 66, ¶ 6, 550 P.3d 549, 553–54 (Wyo. 2024) (quoting *Davidson-Eaton v. Iversen*, 2021 WY 49, ¶ 9, 484 P.3d 23, 25 (Wyo. 2021)). Rule 1.04 of the Wyoming Rules of Appellate Procedure (W.R.A.P.) permits our review of "a judgment or appealable order entered by a district court[.]" W.R.A.P. 1.04(a) (2024). Our jurisdiction, however, "is limited to timely appeals from final, appealable orders." *Essex Holding,* ¶ 28, 427 P.3d at 716; W.R.A.P. 1.03; W.R.A.P. 1.04. A final appealable order "affect[s] a substantial right, determine[s] the merits of the controversy, and resolve[s] all outstanding issues." *Gaston v. Life Care Centers of Am., Inc.*, 2021 WY 74, ¶ 14, 488 P.3d 929, 935 (Wyo. 2021) (quoting *Jontra Holdings Pty Ltd v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶ 29, 479 P.3d 1222, 1231 (Wyo. 2021)); W.R.A.P. 1.05(a) (2024). "Generally, a judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it

4

is not appealable unless it does those things." *Woods v. Woods*, 2001 WY 131, ¶ 8, 36 P.3d 1142, 1144 (Wyo. 2001) (citations omitted).

[¶14]   In addition to the existence of a final appealable order, the appellant must identify in the notice of appeal the judgment or appealable order being challenged for this Court to obtain jurisdiction. *Am. Collection Sys., Inc.*, 2024 WY 66, ¶¶ 6–10, 550 P.3d at 553–55. W.R.A.P. 1.03(a) provides: "[t]he timely filing of a notice of appeal, which complies with [W.R.A.P.] 2.07(a), is jurisdictional." To comply with Rule 2.07(a), Ms. Gates must have "[i]dentif[ied] the judgment or appealable order, or designated portion" being appealed in her notice. W.R.A.P. 2.07(a) (2024). Ms. Gates's notice of appeal will only perfect an appeal of the orders identified in her notice. *Am. Collection Sys., Inc.*, ¶ 7, 550 P.3d at 554 (quoting *EOG Res., Inc. v. JJLM Land, LLC*, 2022 WY 162, ¶ 41, 522 P.3d 605, 616 (Wyo. 2022)). "If an order is not properly identified in the notice of appeal, this Court is 'without jurisdiction' to review it." *Id.* (citing *EOG Res., Inc.*, ¶¶ 41–43, 522 P.3d at 616–17.

[¶15]   Ms. Gates's notice of appeal identified three orders: (1) the May 9, 2025, judgment; (2) the January 24, 2025, order denying her motion for partial summary judgment; and (3) the May 23, 2025, order denying defendants' motion for relief from judgment. Ms. Gates raised her argument that the Hospital waived its immunity by operating a statewide commercial healthcare enterprise in pleadings related to the May 9, 2025, judgment and the May 23, 2025, order. Before judgment was entered, Ms. Gates moved the district court to delay formal entry of the judgment pending its ruling on her argument. After the judgment was entered and MHCC filed a motion for relief from that judgment, Ms. Gates again asserted MHCC could not claim the benefit of the statutory limitation on the waiver of governmental immunity because the Hospital operates a statewide commercial healthcare enterprise in direct competition with private businesses. Although the district court did not expressly rule on the argument Ms. Gates raised in these pleadings, it did acknowledge her argument in its order, and it expressly held the Act limited her recovery to $1 million unless excess insurance existed. We therefore find Ms. Gates's cross-appeal is properly before us and we have jurisdiction to consider the issue on the merits. *See generally Gaston*, 2021 WY 74, ¶ 14, 488 P.3d at 935 ("Generally, a judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable[.]"); *Essex Holding,* 2018 WY 111, ¶ 69, 427 P.3d at 728 (quoting *Andersen v. Hernandez*, 2005 WY 142, ¶ 10, 122 P.3d 950, 952 (Wyo. 2005)) ("An order denying relief under W.R.C.P. 60(b) is appealable."); *Wyo. State Tax Comm'n v. BHP Petroleum Co. Inc.*, 856 P.2d 428, 437 (Wyo. 1993) (considering an issue on appeal when it was reasonably discernible from the pleadings the issue was raised below).

> **B. The Hospital did not waive its governmental immunity beyond the limitation under the Act by operating a statewide commercial healthcare enterprise.**

[¶16]   Ms. Gates argues the Act's limitation on the waiver of governmental immunity does not apply when a county hospital generates substantial revenue from statewide commercial healthcare operations.  She claims because the Hospital is engaged in such operations, she is entitled to recover the full $3.2 million awarded by the jury.  She suggests "[g]iven the clear language of [Wyoming Statute § 1-39-102(a)], the [L]egislature did not intend to protect profits generated by county hospitals engaged in statewide commercial healthcare operations," but instead it "only intended to protect taxpayer revenues" from being used to compensate "persons injured by governmental actions."   MHCC argues this sentiment appears nowhere in the Act.   It argues the Legislature clearly intended to waive governmental immunity only in the limited circumstances described in the Act, and the Legislature did not waive governmental immunity for county hospitals operating beyond the borders of their counties or for county hospitals earning a profit.  We agree.

[¶17]   This issue requires us to interpret the Act, which presents a question of law we review de novo. *Craft v. State ex rel. Wyo. Dep't of Health*, 2020 WY 70, ¶ 26, 465 P.3d 395, 402 (Wyo. 2020).   When we interpret the Act, "we apply the following rules of statutory interpretation: Our goal is to give effect to the intent of the legislature, and we attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute." *Wyo. State Hosp. v. Romine*, 2021 WY 47, ¶ 12, 483 P.3d 840, 844 (Wyo. 2021) (quoting *Craft*, ¶ 26, 465 P.3d at 402).  "Where legislative intent is discernable [we] should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.'" *Id.* (quoting *Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015)).  "In doing so, we 'construe the statutes of the [Act] together giving effect to every word, clause, and sentence.'" *Bain*, 2025 WY 67, ¶ 12, 570 P.3d at 729 (quoting *Wyo. Guardianship Corp. v. Wyo. State Hosp.*, 2018 WY 114, ¶ 12, 428 P.3d 424, 431 (Wyo. 2018)).  "With specific regard to the . . . Act, we have said that we should not enlarge, stretch, expand, or extend the statutory language to include matters not falling within its express provisions." *Fugle v. Sublette Cnty. Sch. Dist. No. 9*, 2015 WY 98, ¶ 8, 353 P.3d 732, 734–35 (Wyo. 2015) (citation modified).

[¶18]   Wyoming's Constitution provides the State of Wyoming with immunity from suits, except those explicitly authorized by the Wyoming Legislature. Wyo. Const. art.1, § 8 ("Suits may be brought against the state in such a manner and in such courts as the [L]egislature may by law direct.").  In 1979, the Legislature enacted the Act, establishing defined and limited exceptions to governmental immunity to permit individuals, under specific conditions, to bring claims against the State and its local governments, including its subdivisions, officials, and employees. Wyo. Stat. Ann. §§ 1-39-101 to -120 (2021); *Bain*, 2025 WY 67, ¶ 9, 570 P.3d at 728; *Williams v. Lundvall*, 2024 WY 27A, ¶ 8, 545 P.3d 431, 434 (Wyo. 2024).   The Legislature stated its intent in adopting the Act in Wyoming Statute § 1-39-102(a):

> (a) The Wyoming legislature recognizes the inherently unfair
> and inequitable results which occur in the strict application of

6

the doctrine of governmental immunity and is cognizant of the Wyoming Supreme Court decision of Oroz v. Board of County Commissioners[,] 575 P.2d 1155 (1978). It is further recognized that the state and its political subdivisions as trustees of public revenues are constituted to serve the inhabitants of the state of Wyoming and furnish certain services not available through private parties and, in the case of the state, state revenues may only be expended upon legislative appropriation. **This act is adopted by the legislature to balance the respective equities between persons injured by governmental actions and the taxpayers of the state of Wyoming whose revenues are utilized by governmental entities on behalf of those taxpayers.** This act is intended to retain any common law defenses which a defendant may have by virtue of decisions from this or other jurisdictions.

Wyo. Stat. Ann. § 1-39-102(a) (emphasis added).

[¶19]   In adopting the Act, the Legislature "sought to retain the common law principle that a governmental entity is generally immune from lawsuits, while acknowledging that fairness requires authorizing lawsuits against a governmental entity **in certain statutorily defined situations.  The [L]egislature therefore created specific statutory exceptions to the general rule of sovereign immunity.**" *Williams*, 2024 WY 27A, ¶ 8, 545 P.3d at 434 (quoting *Campbell Cnty. Mem'l Hosp. v. Pfeifle*, 2014 WY 3, ¶ 19, 317 P.3d 573, 578 (Wyo. 2014)) (additional emphasis added).  Accordingly, "state and local governments—including counties, cities, and school districts—are largely immune from liability[] but may be held accountable for certain types of tortious conduct, including negligence, if the claim fits within the statute's defined waivers." *Bain*, 2025 WY 67, ¶ 9, 570 P.3d at 728 (citing Wyo. Stat. Ann. §§ 1-39-103 (i) and (ii) and -104(a)).

[¶20]   Section 1-39-110 is one such statutory exception.  That statute waives governmental immunity "for damages resulting from bodily injury . . . caused by the negligence of health care providers who are employees of the governmental entity, . . . while acting within the scope of their duties." Wyo. Stat. Ann. § 1-39-110(a).  Under that same section, the Legislature only waived governmental immunity up to the amount of $1 million. Wyo. Stat. Ann. § 1-39-110(b); *Bain*, 2025 WY 67, ¶¶ 10–23, 570 P.3d at 728–31.  Section 1-39-110(b) specifically states: "**the liability of a governmental entity shall not exceed the sum of one million dollars ($1,000,000.00) to any claimant for any number of claims arising out of a single transaction or occurrence nor exceed the sum of one million dollars ($1,000,000.00) for all claims of all claimants arising out of a single transaction or occurrence**." Wyo. Stat. Ann. § 1-39-110(b) (emphasis added).

7

[¶21]   Section 1-39-118 sets forth a governmental entity's maximum liability.  Subsection (b) of § 1-39-118 allows a governmental entity to purchase liability coverage for all or any portion of risks covered, and the purchase of such liability insurance coverage extends the governmental entity's liability if the coverage amount exceeds the limits of liability under the Act. Wyo. Stat. Ann. § 1-39-118(b).  That statute specifically provides:

> (b) A governmental entity is authorized to purchase liability insurance coverage covering any acts or risks including all or any portion of the risks provided under this act. Purchase of liability insurance coverage shall extend the governmental entity's liability as follows:
>
> > (i) **If a governmental entity has insurance coverage** either exceeding the limits of liability as stated in this section or **covering liability which is not authorized by this act, the governmental entity's liability is extended to the coverage**;

Wyo. Stat. Ann. § 1-39-118(b)(i) (emphasis added).  Section 1-39-104(c)(ii) explicitly limits a governmental entity's obligation to pay any judgment over the amount of liability authorized under § 1-39-118(b)(i).

> (c) A governmental entity shall assume and pay a judgment entered under this act against any of its public employees, provided:
>
> *    *    *
>
> > (ii) The payment for the judgment shall not exceed the limits provided by W.S. 1-39-118[.]

Wyo. Stat. Ann. § 1-39-104(c)(ii).  Additionally, Section 1-39-116(a) states: "The remedy against a governmental entity as provided by [the Act] is exclusive[.]" Wyo. Stat. Ann. § 1-39-116(a).

[¶22]   "The provisions of the [Act] are designed to work together to achieve its clear legislative purpose—'to retain the common law principle that a governmental entity is generally immune from lawsuits, while acknowledging that fairness requires authorizing lawsuits against a governmental entity in certain statutorily defined situations.'" *Bain*, 2025 WY 67, ¶ 15, 570 P.3d at 729 (quoting *Romine*, 2021 WY 47, ¶ 14, 483 P.3d at 845) (citation modified).   We will not expand the Legislature's waiver of governmental immunity beyond the statutorily defined situations expressly contained in the Act. *Id.*  In *Bain*, we held the Act's liability limitation set forth the extent of the Legislature's waiver

of governmental immunity, rather than the amount of recoverable damages once immunity has been waived. *Id.* at ¶¶ 10–24, 570 P.3d at 728–31.

[¶23] Ms. Gates concedes a governmental entity includes a county hospital, and she does not dispute the Hospital is a governmental entity subject to the Act. She has not identified any provision of the Act entitling her to recover more than the $1 million limitation because of the Hospital's operations. Reading the relevant provisions of the Act *in pari materia*, as we must, it is clear the Legislature intended to waive governmental immunity only up to $1 million. That waiver does not expand beyond the statutory limits merely because the Hospital operates a statewide commercial healthcare enterprise. Instead, the waiver extends beyond $1 million if MHCC maintained an insurance policy providing coverage in excess of that amount; in that circumstance, and only in that circumstance, does the Legislature explicitly extend the waiver of immunity to the limits of the insurance coverage under the Act.

## II. *The district court erred when it entered judgment in an amount greater than the $1 million limitation on the waiver of governmental immunity.*

[¶24] MHCC argues the district court erred when it entered judgment in an amount exceeding the $1 million limitation on the waiver of governmental immunity and when it denied MHCC's motion for relief from judgment. Ms. Gates contends the Act "expressly contemplates entry of a judgment in excess of the nominal statutory limitation," when there is a verdict over the limit of liability. She argues if judgment were entered in the amount of $1 million, she would be prevented "from recovering the full amount awarded by the jury" when the Act provides for such recovery.

[¶25] The district court has wide discretion to grant or deny a motion for relief from judgment filed under W.R.C.P. 60(b), "and we will not disturb the court's exercise of that discretion unless it was abused or clearly wrong." *Pilcher v. Elliott*, 2020 WY 130, ¶ 9, 473 P.3d 1251, 1253 (Wyo. 2020) (citing *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶ 10, 331 P.3d 1199, 1201 (Wyo. 2014)). "A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances." *Sheppard v. Bd. of Cnty. Comm'rs*, 2025 WY 31, ¶ 11, 565 P.3d 948, 950 (Wyo. 2025) (quoting *Myers v. Myers*, 2022 WY 75, ¶ 11, 511 P.3d 470, 474 (Wyo. 2022)). "We will reverse an order denying relief under Rule 60(b) only if the trial court clearly was wrong." *Tegeler v. State ex rel. Workers' Safety & Comp. Div.*, 2013 WY 40, ¶ 8, 298 P.3d 173, 175 (Wyo. 2013) (citations omitted). "[W]hen a party makes a Rule 60(b) motion, it is the movant's burden to argue [her] circumstances fit the grounds for relief and to substantiate the[] claims with adequate proof." *Hale v. City of Laramie*, 2025 WY 133, ¶ 22, 580 P.3d 516, 521 (Wyo. 2025).

[¶26] As discussed above, immunity for MHCC is only waived up to $1 million unless MHCC maintained an insurance policy providing coverage in excess of that amount.

Indeed, Wyoming Statute § 1-39-110(b) provides "the liability of [MHCC] shall not exceed the sum of one million dollars ($1,000,000.00) to any claimant for any number of claims arising out of a single transaction or occurrence[.]" Wyoming Statute § 1-39-118(b) extends that limit if MHCC "has insurance coverage . . . covering liability which is not authorized by [the Act.]" Section 1-39-104(c) requires the Hospital to "assume and pay a judgment entered under [the Act] against any of its public employees, provided . . . [t]he payment for the judgment [does] not exceed the limits provided by W.S. 1-39-118[.]"

[¶27] MHCC submitted an affidavit from the Hospital's CEO confirming it provided to opposing counsel "the only insurance policy that provides the [H]ospital with any coverage[,]" and stating "[t]here are no other insurance policies providing coverage for [Ms. Gates's] claim." MHCC also filed the policy's declarations page, showing a $1 million per-claim limit. Ms. Gates offered no evidence in response indicating MHCC had insurance coverage applicable to her claim exceeding $1 million nor did she seek additional discovery regarding excess insurance coverage. Instead, she argued entering a judgment for the $1 million limitation would preclude application of any potential excess policies. In support of her argument, Ms. Gates cited decisions from other jurisdictions involving different hospitals that failed to disclose the existence of excess liability insurance.

[¶28] The district court abused its discretion by entering a judgment exceeding the Act's limitation based solely on Ms. Gates's speculation that MHCC might have additional insurance. MHCC provided sufficient proof it had no excess coverage beyond the Act's limits. The burden was then shifted to Ms. Gates to produce evidence of any additional policies or to show MHCC failed to disclose them. *See Hale*, 2025 WY 133, ¶ 22, 580 P.3d at 521. In the event MHCC has undisclosed coverage and Ms. Gates later learns of such coverage, Ms. Gates's remedy would be a motion under W.R.C.P. 60(b) for relief from judgment, not a judgment exceeding statutory limits when MHCC demonstrated no such coverage exists. The district court erred when it entered judgment in the amount of $3.2 million and denied MHCC's relief from judgment.

## CONCLUSION

[¶29] The Wyoming Legislature only intended to waive immunity for MHCC under the Act up to $1 million, unless MHCC maintained insurance coverage in excess of that amount. The Act does not waive immunity beyond this limit because a hospital operates a statewide commercial healthcare enterprise and has revenues from non-taxpayer funds. Because MHCC presented evidence indicating the applicable insurance policy's coverage was limited to $1 million and Ms. Gates presented no conflicting evidence, the district court erred when it entered judgment above the statutory limitation. We reverse the judgment and remand to the district court for entry of a judgment consistent with the $1 million limitation on the waiver of governmental immunity under Wyoming Statutes §§ 1-39-110(b) and 1-39-118(b)(i).

10